

August 29, 2024

Maria R. Hamilton, Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

  Re: *State of Maine v. 3M Company*, No. 23-1709 (1st Cir.)

Dear Clerk Hamilton:

  Appellee the State of Maine (the "State") responds to 3M Company's ("3M's) submission of *People ex rel. Raoul v. 3M Co.*, 2024 WL 3682099 (7th Cir. Aug. 7, 2024). *Raoul* supports the State's position here. In *Raoul*, as here, a state sued 3M for PFAS contamination from non-Aqueous Film Forming Foam ("non-AFFF") sources and specifically disclaimed recovery for PFAS contamination from AFFF. *Raoul* at 2; Maine Br. at 5-6. In both cases 3M argued that removal was proper due to alleged commingling of AFFF and non-AFFF PFAS. *Raoul* at 2; Maine Br. at 7-8. Illinois, like Maine, argued that the government contractor defense on which 3M based removal was irrelevant because the state expressly disclaimed any recovery for AFFF in its non-AFFF case. *Raoul* at 4-5; Maine Br. at 16-21. The Seventh Circuit, like the District Court here, held that Illinois' disclaimer was effective and thus that 3M's government contractor defense was "wholly irrelevant." *Raoul* at 5.

  3M selectively quotes Maine's brief in two ways that misrepresent Maine's disclaimer. First, 3M says that Maine acknowledged that it may "seek to recover" at commingled sites, but Maine was describing *3M's* argument: "In the other version of 3M's argument, 3M says Maine 'may' seek to recover only for injuries caused by non-AFFF contamination at a location where there is both AFFF and non-AFFF PFAS." Maine Br. at 25. As Maine stated in its brief, "subject to this Court's ruling in [*New Hampshire v. 3M Co.*, 665 F.Supp.3d 215 (D.N.H. Mar. 29, 2023), *appeal pending*, No. 23-1362 (1st Cir.)], Maine is excluding from its non-AFFF case any PFAS site that has commingled AFFF and non-AFFF PFAS contamination." Maine Br. at 25 n.14. Second, 3M states that Maine argued that "commingling cannot serve as a basis of removal" (Ltr. at 1), but omits that this was because Maine "expressly disavowed any recovery for injuries caused by AFFF in the complaint." Maine Br. at 2.

            Sincerely,

            <u>*/s/ Matthew Pawa*</u>
            Matthew Pawa
            Counsel for Appellee State of Maine

cc (via ECF): Counsel of record

1280 CENTRE STREET • SUITE 230 • NEWTON, MA 02459 • T: 617.641.9550 • F: 617.641.9551 • seegerweiss.com