

Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
United States of America

T: +1 312 782 0600
mayerbrown.com

**Michael A. Scodro**
T: +1 312 701 8886
MScodro@mayerbrown.com

January 6, 2025

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

Re:     *State of Maine v. 3M Company*, No. 23-1709

Dear Madam Clerk:

Maine invokes an out-of-circuit district court decision that contradicts this Court's precedents and has already been appealed. Like any district court decision, *EIDP* lacks precedential effect even within its own district, and it has no persuasive, let alone authoritative, force here. Indeed, *EIDP* controverts this Court's cases making clear that in evaluating removal, the district court *must* "credit [the defendant's] theory of the case for why removal under § 1442(a)(1) was appropriate." *Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 184 (1st Cir. 2024) (internal quotation marks omitted). *But see EIDP*, 2024 WL 5135601, at *3, 5-6 (refusing to credit 3M's allegation that AFFF and non-AFFF PFAS are "inextricably commingled").

*EIDP* likewise conflicts with *Express Scripts'* reasoning that "a valid disclaimer must eliminate *any* basis for federal officer removal." 119 F.4th at 187; *Express Scripts* 28(j) Letter. While *EIDP* purported to distinguish *Express Scripts*, apportioning liability and damages between federal and non-federal activities consistent with the scope of the disclaimer undoubtedly requires "a state court . . . to determine whether [and to what extent] a defendant acted under a federal officer's authority." *Id. EIDP* concluded otherwise only by treating the scope of the state's disclaimer—which is to say the scope of 3M's federal defense—as an "ordinary" issue of state-law causation. 2024 WL 5135601, at *4-5. That is wrong for all the reasons 3M has explained, Br.20-21; Reply Br.4-5, and contrary to this Court's reasoning in *Express Scripts*.

*EIDP* also conflicts with *People ex rel. Raoul v. 3M Co.*, 111 F.4th 846 (7th Cir. 2024); *Raoul* 28(j) Letter. The district court "disagree[d]" with the Seventh Circuit. *EIDP*, 2024 WL 5135601 at *7. But the only factual point it mentioned—that *Raoul* involved single-site contamination—plainly supports federal removal, not remand, as this Court has recognized. *See Express Scripts*, 119 F.4th at 187. This Court should decline Maine's invitation to open a circuit conflict on the strength of a non-authoritative and poorly reasoned district court decision that is unlikely to survive appeal.

Sincerely,

s/ *Michael A. Scodro*
Michael A. Scodro

*Counsel for Appellant 3M Company*


cc:  Counsel of Record (via ECF)