

March 21, 2025

Anastasia Dubrovsky, Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

   Re: *State of Maine v. 3M Company*, No. 23-1709 (1st Cir.)

Dear Madam Clerk:

  Appellee the State of Maine (the "State") responds to 3M Company's ("3M's") submission of *State of Maryland v. 3M Company*, 2025 WL 727831 (4th Cir. Mar. 7, 2025), in which the court reversed remand orders in PFAS cases brought by Maryland and South Carolina. *Maryland* supports the State's position. In *Maryland*, the court fully embraced the Seventh Circuit's holding that a plaintiff's express disclaimer of *any* recovery for AFFF in a non-AFFF case is effective and thus a plaintiff making such a disclaimer "may remain in state court." *See id.* at *7 & n.6 (discussing *Illinois ex rel. Raoul v. 3M Co.*, 111 F.4th 846, 849 (7th Cir. 2024), and finding "its reasoning is sound"). In *Maryland*, however, the court held the states' disclaimers ineffective because the states "made clear" that they "envision recovering for mixed [AFFF and non-AFFF] PFAS contamination from numerous geographic locations." *Maryland*, at *7. Here, Maine, like Illinois, has expressly disclaimed any recovery for AFFF in its non-AFFF case. Maine Br. at 16-21.

  3M's argument to the contrary is based on two misrepresentations of Maine's disclaimer. *See* Maine 28(j) ltr. (Aug. 29, 2024) ("Maine Ltr.") (citing Maine's brief). First, 3M says that Maine acknowledged that it may "seek to recover" at commingled sites, but 3M cherry-picks a portion of Maine's brief that actually describes ***3M's*** argument: "***3M says*** Maine 'may' seek to recover only for injuries caused by non-AFFF contamination at a location where there is both AFFF and non-AFFF PFAS." Maine Br. at 25 (emphasis added). As Maine further stated in its brief, "subject to this Court's ruling in [*New Hampshire v. 3M Co.*, 665 F.Supp.3d 215 (D.N.H. Mar. 29, 2023), *appeal pending*, No. 23-1362 (1st Cir.)], Maine is excluding from its non-AFFF case any PFAS site that has commingled AFFF and non-AFFF PFAS contamination." Maine Br. at 25 n.14; Maine Ltr. Second, 3M contends that Maine argued that "commingling cannot serve as a basis of removal," but omits the key point that this is because Maine "expressly disavowed any recovery for injuries caused by AFFF in the complaint." Maine Br. at 2; Maine Ltr.

              Sincerely,

              */s/ Matthew Pawa*
              Matthew Pawa
              Counsel for Appellee State of Maine

cc (via ECF): Counsel of record