**Clement & Murphy**
PLLC

September 9, 2025

<u>**VIA CM/ECF**</u>

Maria R. Hamilton
Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      Re:    *State of Maine v. 3M Company*, No. 23-1709

Dear Ms. Hamilton:

      Discovery in the remanded and unstayed state-court litigation has now further undermined Maine's position in this appeal. In response to an interrogatory requesting information about each location as to which it is asserting a claim in this litigation, Maine produced a spreadsheet identifying hundreds of sites, including multiple sites linked to AFFF exposure. *See* Ex.A (3M Removal Pet.). In particular, Maine seeks damages from the Brunswick/Topsham Water District water system, which is reported to have been contaminated by MilSpec AFFF. *Id.* ¶¶3, 13, 30-38. On September 8, 2025, 3M filed a second removal petition based on this new information confirming that Maine seeks damages in this litigation from sites where PFAS from MilSpec AFFF and non-AFFF sources have plainly commingled and cannot be distinguished based on source. *Id.*

      Maine's interrogatory response not only confirms that its disclaimer is ineffectual, but also undermines Maine's fallback argument that 3M's notice of removal did not adequately allege "sites with purportedly 'commingled' contamination." Maine.Br.27. As 3M has already explained, the plausible allegations in its original notice of removal—which the Court must credit at this stage, *see Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174, 189 (1st Cir. 2024)—adequately allege commingling. *See* 3M.Reply.17-26. Maine's new discovery response now confirms as much. *See* Ex.A ¶¶3, 13, 30-38. Insofar as Maine nevertheless continues to dispute the existence or extent of commingling at particular sites, those disputes must be decided by a federal court. 3M.Reply.13-15; *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir. 2016) (where "the question of jurisdiction is dependent on the resolution of factual issues going to the merits," the "proper procedure … is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits"). At a minimum, Maine's discovery response confirms that this Court cannot rule for Maine on its highly fact-bound fallback argument—which the district court never even addressed—without first giving the district court an opportunity to consider these new developments. *See* 3M.Reply at 12-16.

September 9, 2025
Page 2 of 2

                Respectfully,

                <u>s/Paul D. Clement</u>
                Paul D. Clement

                *Counsel for Defendants-Appellants*

Cc:  All Counsel of Record