Clement & Murphy
PLLC

September 17, 2025

**VIA CM/ECF**

Anastasia Dubrovsky
Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      Re:    Maine's 28(j) letter re *California v. Express Scripts*, 2025 WL 2586648
              (9th Cir. Sept. 8, 2025)

Dear Ms. Dubrovsky:

      Maine finds no support in *California v. Express Scripts*. *California* involved a very different factual context where California truly disclaimed recovery for certain federal-related opioid claims. Maine, by contrast, disclaims nothing, but has filed two duplicative groundwater contamination lawsuits in an effort to defeat federal jurisdiction over one of them, despite 3M's plausible allegations that PFAS from MilSpec AFFF are commingled at sites at issue in this lawsuit. When the Fourth Circuit confronted that precise situation, it correctly rejected the States' divide-and-defeat-federal-jurisdiction gambit, while invoking this Court's decision in *Puerto Rico v. Express Scripts, Inc.*, 119 F.4th 174 (1st Cir. 2024). *Maryland v. 3M Company*, 130 F.4th 380, 389 (4th Cir. 2025). *California* expressly distinguished *Maryland* as involving the "unique facts" of "pollution discharged into a waterway in which the source of the contaminant might be difficult to identify." *California*, 2025 WL 2586648, at *14. This case presents exactly those "unique facts," making *Maryland*, not *California*, the relevant precedent. *Id.*

      To be sure, having distinguished *Maryland*, the Ninth Circuit also criticized it based on its apparent belief that "it could be possible to produce statistical models that can accurately calculate proportions of tortious harms attributable to federal versus non-federal sources." *California*, 2025 WL 2586648, at *14. 3M plausibly disputes that possibility; regardless, whether and to what extent PFAS contamination can be attributed to federal and non-federal sources—i.e., the extent to which a federal defense protects a federal contractor—is decidedly a question for federal courts. As this Court recognizes, plaintiffs cannot deprive defendants of a federal forum by "circular" disclaimers that leave "a state court to determine the nexus 'between the charged conduct and federal authority.'" *Puerto Rico*, 119 F.4th at 187-88.

      Finally, *California* relied on *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). That was mistaken: *Royal Canin* involved federal-question jurisdiction, and the plaintiff amended its complaint to drop the federal claim. This case involves federal-officer

jurisdiction, where the removal petition's plausible allegations—that despite its disclaimer, Maine seeks recovery at sites with indistinguishable, commingled PFAS—must be credited. *See Puerto Rico*, 119 F.4th at 189.

                Respectfully,

                <u>s/Paul D. Clement</u>
                Paul D. Clement

                *Counsel for Defendants-Appellants*

Cc: All Counsel of Record