

1280 Centre Street, Suite 230 • Newton Centre, MA 02459
tel. (617) 641-9550 • fax (617) 641-9551 • www.pawalaw.com

September 18, 2025

Anastasia Dubrovsky, Clerk of Court
United States Court of Appeals for the First Circuit
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 2500
Boston, MA  02210

    Re: *State of Maine v. 3M Company*, No. 23-1709 (1st Cir.)

Dear Ms. Dubrovsky:

    Pursuant to the Court's order of September 9, 2025, Appellee the State of Maine hereby responds to Appellant 3M Company's letter of the same date regarding 3M's recently-filed second notice of removal.

    Notably, this is not the first time 3M has attempted to add a new PFAS contamination site to shore up its 2023 notice of removal.  In the district court, 3M belatedly pointed to two contaminated public water systems allegedly contaminated with AFFF that were not identified in its notice of removal and argued that they "bolstered" its "removal arguments," D. Maine Dkt. #45 at 5 n.4; *id*. #34 at 6 n.6; State Addendum at 4-6, only to say now on appeal that it "is not relying on . . . those water sources to support federal officer jurisdiction," 3M Reply at 19.

    3M's newest attempt to add another site to bolster its 2023 notice of removal also should not detain the Court, for three reasons.

    First, it does not alter the two legal issues presented to the Court.  The legal effectiveness of the State's disclaimer is unaffected.  3M removed in 2023 based on a theory that AFFF may have traveled off-site from four known AFFF source sites (such as military bases) that are not at issue in this non-AFFF case; 3M alleges this caused AFFF cross-contamination at several receptor sites that 3M contends are at issue in this non-AFFF case (wastewater treatment facilities, farms, and a municipal landfill).  However, as the State has pointed out, those receptor sites are not at issue in this case, State Brief at 27-28, and, in any event, if any site that *is* at issue in this case that turns out to have AFFF cross-contamination, it would be excluded from this case by the State's disclaimer that it is "'not seeking to recover through this Complaint any relief for contamination or injury related to [AFFF],'" *id*. at 17 (quoting complaint); *see also id*. at 17 n.10 ("Simply put, if it does turn out that the contamination in *any* particular site or location is related to AFFF, then the State has disclaimed seeking a recovery in this action for that site or location.") (internal quotation omitted).  3M's new notice of removal is merely based on another site that would be excluded by the same disclaimer (if in fact there is sufficient evidence of AFFF cross-contamination at the site, which the State does not concede).  Thus, if the Court

affirms on the basis of the disclaimer, then it does not matter if 3M has identified an additional site (or even multiple new sites) with alleged AFFF cross-contamination.

Similarly, if the Court does not resolve the disclaimer issue in the State's favor, it should decide the fully-briefed issue of whether 3M has met its burden—based on the record properly before the Court—to establish AFFF cross-contamination at sites at issue in this case. *See Aguilar v. U.S. I.C.E.*, 510 F.3d 1, 8 (1st Cir. 2007) (Court may affirm jurisdictional dismissal "on any ground made apparent by the record (whether or not relied upon by the lower court)."); State Brief at 26 (same); 3M Brief at 35 (same). That decision will govern future proceedings in the district court with respect to any additional site(s) on which 3M seeks to base federal officer jurisdiction.[1]

Second, to the extent 3M invites the Court to consider new facts that 3M alleges in its second notice of removal, it should decline to do so under established law. *See TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 929 (1st Cir. 1995) ("[I]t is axiomatic that, except in exceptional circumstances, parties may not surprise appellate courts with new issues"); Fed. R. App. P. 10(e)(2).

Third, 3M bases its new notice of removal on the Brunswick/Topsham Water District public water system ("BTWD"), and the State has since learned that BTWD has settled its claims against 3M for PFAS in its drinking water as part of a nationwide class action settlement with public water systems. *See In re Aqueous Film-Forming Foams Prods. Liab. Litig.*, No. 2:18-MN-2873-RMG, 2024 WL 1341122, at *20 (D.S.C. Mar. 29, 2024) (approving settlement). Although the State listed BTWD in an interrogatory response as one of almost 800 sites for which it seeks relief in this action (a list that excludes all of the source and receptor sites at issue in this appeal), 3M has not provided the State with a list of class members or opt outs so the State had to determine BTWD's participation in the settlement independently after receiving the second notice of removal. The legal significance of this issue and the sufficiency of the evidence

---

[1] 3M repeats its argument that the Court must accept at face value all factual allegations made in a notice of removal regardless of the boundaries set by the plaintiff's complaint or the actual facts. That is not the law. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) ("when a defendant seeks federal-court adjudication, the defendant's [jurisdictional] allegation should be accepted *when not contested by the plaintiff* or questioned by the court.") (emphasis added); *California by & through Harrison v. Express Scripts, Inc.*, No. 24-1972, 2025 WL 2586648, at *6 (9th Cir. Sept. 8, 2025) ("In the process of crediting defendants' theory of the case, a court is not free to disregard or rewrite the allegations plaintiff has chosen to include in its complaint."); *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014) ("Because plaintiffs have raised a factual attack on Crane's jurisdictional allegations, Crane must support its allegations with competent proof. And Crane bears the burden of proving by a preponderance of the evidence" the elements of federal officer jurisdiction); State Brief at 31-33.

of alleged cross-contamination with AFFF at BTWD will be presented to the district court at the appropriate time. In the meantime, it would be improper to make assumptions based on BTWD.

The bottom line is that the need for appellate resolution of the issues presented is more acute than ever so that the rules governing hundreds of sites, with the potential for seriatim removals by 3M, are clear and settled. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980) ("litigation over whether the case is in the right court is essentially a waste of time and resources.") (internal quotation omitted).

The State respectfully requests the Court decide the appeal based on the record properly before it.

Sincerely,

*/s/ Matthew Pawa*
Matthew Pawa
Counsel for Appellee State of Maine

cc (via ECF): Counsel of record